IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN GARDNER,<br><br>              Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>              Respondent. | 8:17CV255<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on the Notice of Appeal (filing no. 24) filed by Petitioner Justin Gardner on May 7, 2018. Also before the court are two memorandums from the Clerk of the Court requesting a ruling as to the timeliness of Petitioner's notice of appeal and Petitioner's authorization to proceed in forma pauperis on appeal. (Filing No. 25; Filing No. 26.)

      Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within 30 days of the entry of judgment. "A timely notice of appeal is both mandatory and jurisdictional." *Burgs v. Johnson Cnty., Iowa*, 79 F.3d 701, 702 (8th Cir. 1996). Moreover, an untimely notice of appeal cannot serve as a motion for extension of time to file an appeal. *Id.* A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A). In addition, if a party files one of the post-judgment motions listed in Rule (a)(4)(A), the time to file the appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A).

      Here, the court entered a final judgment dismissing the Petition for Writ of Habeas Corpus on March 1, 2018. (Filing Nos. 21 and 22.) Therefore, the final

day for filing a timely notice of appeal was April 2, 2018. Petitioner's Notice of Appeal is dated May 2, 2018, and stamped as filed on May 7, 2018. (Filing No. 25.) Because the Notice of Appeal is dated May 2, 2018, it could not have been deposited in the prison's mail system within the prescribed time. *See* Fed. R. App. P. 4(c)(1) (stating prisoner's notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing). In addition, Petitioner did not file any post-judgment motions that would extend the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A). Finally, Petitioner did not move to extend the time to file a notice of appeal in this matter. *See* Fed. R. App. P. 4(a)(5)(A)(ii). Accordingly, the court finds that Petitioner did not file a timely notice of appeal.

Additionally, Petitioner has failed to include the $505.00 appellate filing and docket fees. Petitioner has not previously been granted leave to proceed in forma pauperis in the district court in connection with his § 2254 petition. Thus, Fed. R. App. P. 24(a)(3), which continues in forma pauperis status on appeal without further authorization, does not apply. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The court hereby certifies that the appeal filed by Petitioner in this case is frivolous and not taken in good faith for the reason that his habeas petition was dismissed without prejudice for failure to file an amended petition as directed by the court and his appeal is untimely. Since the appeal is not taken in good faith, the petitioner cannot file an appeal in forma pauperis. *See* Fed. R. App. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3).

IT IS THEREFORE ORDERED that:

1. The court finds Petitioner did not file a timely notice of appeal.

2. The court will not act on Petitioner's notice of appeal. (Filing No. 24.)

3. The clerk of court is directed to send a copy of Petitioner's notice of appeal and a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals.

Dated this 8th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge