IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN GARDNER,<br><br>              Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>              Respondent. | **8:17CV255**<br><br>**MEMORANDUM AND ORDER** |

This closed habeas case is before the Court on Petitioner Justin Gardner's ("Gardner") "Motion to Consolidat[e] Federal Civil U.S. District Court Cases Together" (the "Motion to Consolidate"), Filing No. 68, and motion requesting "Permission to Grant CERTIFICATE OF APPEALABILITY C.O.A." (the "Motion for COA"), Filing No. 70. Upon review, the Court will deny both motions.

### I. MOTION TO CONSOLIDATE

In his Motion to Consolidate, Gardner asks to consolidate various civil cases he has filed together pursuant to "Rule 42. Consolidation; separate trials," Filing No. 68, which the Court understands to refer to Federal Rule of Civil Procedure 42, which allows federal courts to consolidate actions where "actions before the court involve a common question of law or fact," Fed. R. Civ. P. 42(a). Specifically, Gardner asks that "8:17cv255[,] 8:18cv241[,] [and] 8:22cv119" be consolidated, "8:17cv390[,] 8:18cv115[,] [and] 8:22cv121" be consolidated, and "8:17cv389[,] 8:18cv46[,] 4:19cv3005[,] [and] 8:22cv120" be consolidated. Filing No. 68. All the cases Gardner references appear to be closed habeas cases that he previously filed in this Court.[1] There has been no activity

---

[1] It appears Gardner mistakenly wrote the incorrect case numbers when he referred to cases 8:22cv119, 8:18cv115, 8:22cv121, and 8:22cv120, because Gardner is not a party to any of those cases. For purposes

in these cases for over three years prior to Gardner filing the present motion, and, because all the cases are closed, the Court finds Gardner's request to consolidate the matters unnecessary and frivolous. Accordingly, Gardner's Motion to Consolidate is denied.

## II. MOTION FOR COA

Gardner next requests that the Court grant him a certificate of appealability ("COA") pursuant to Rule 22 of the Federal Rules of Appellate Procedure, which provides that in habeas corpus proceedings where the detention complained of arises out of state process, like Gardner's, a petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). This case was originally dismissed on March 1, 2018, because Gardner failed to file an amended petition as ordered by the Court, *see* Filing No. 21; Filing No. 22,[2] and Gardner has already prosecuted four appeals in this case, which were all dismissed, *see* Filing No. 31; Filing No. 43; Filing No. 58; Filing No. 66. The Court sees absolutely no reason to issue a COA in this closed matter as any further attempt by Gardner to file an appeal in this case would be utterly frivolous. Accordingly, the Court will deny Gardner's Motion for COA.

In addition, Gardner has been warned previously not to file any further frivolous appeals in this case, *see* Filing No. 51; Filing No. 62, and the Court will reiterate that warning here as well as admonish Gardner to refrain from filing any future documents or

---

of the Motion to Consolidate, the Court assumes Gardner intended to reference his closed habeas cases at case numbers 8:21cv119, 8:18cv557, 8:21cv121, and 8:21cv120.

[2] Gardner later filed another habeas action at case number 8:18cv241 challenging the same state-court conviction that was the subject of this case, which was dismissed with prejudice on June 12, 2019. *See Gardner v. Nebraska*, No. 8:18CV241, 2019 WL 13247450 (D. Neb. June 12, 2019).

motions in this closed case as doing so unnecessarily expends the Court's limited resources. If Gardner fails to heed these warnings and file further frivolous motions in this closed case, the Court will impose limitations on his right to file.

IT IS THEREFORE ORDERED that:

1. Gardner's Motion to Consolidate, Filing No. 68, is denied.

2. Gardner's Motion for COA, Filing No. 70, is denied.

3. Gardner is warned to refrain from filing any further frivolous appeals or motions in this closed case. Failure to do so will result in the Court imposing filing restrictions on Gardner.

Dated this 14th day of January, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge